UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civ. File No. 09-2895 (JNE/FLN)

TONY MAGHRAK, as Chairman and
BRUCE YOUNG, as Secretary of the IBEW
Local No. 292 Health Care Plan; TONY MAGHRAK,
as Chairman and BRUCE YOUNG, as Secretary
of the Electrical Workers Local No. 292 Pension Fund;
TONY MAGHRAK, as Chairman and
BRUCE YOUNG, as Secretary of the Electrical
Workers Local No. 292 Annuity & 401(k) Fund;
TONY MAGHRAK, as Chairman and
BRUCE YOUNG, as Secretary of the Electrical
Workers Local No. 292 Vacation & Holiday Fund;
TONY MAGHRAK, as Chairman and
BRUCE YOUNG, as Secretary of the Minneapolis
Electrical Industry Board/JATC/LMCC;
and each of their successors,

    Plaintiffs,

vs.

        **REPORT AND RECOMMENDATION**

MENDOTA ELECTRIC, INC.,

    Defendant.

_____

   This matter was heard before the undersigned on February 4, 2010.  Susan M. Thill of

Anderson, Helgen, Davis & Nissen, LLC, appeared for and on behalf of the Plaintiffs.  There

was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

   1.  Plaintiffs filed a Summons and Complaint in this matter on October 19, 2009.

Defendant was personally served with the Summons and Complaint in this matter on October 20,

2009.

2.      Defendant failed to file and serve a response or Answer to the Summons and Complaint. The Clerk entered default on December 4, 2009.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. section 1002(37) established to provide pension, health and welfare, vacation benefits and training to employees performing covered work.

4.      The fringe benefit plans for which Plaintiffs are Trustees are maintained by the Union and employers for the benefit of workers pursuant to a Collective Bargaining Agreement.

5.      The trustees are responsible for determining and collecting the amount due the various employee fringe benefit funds from employers who have entered into a Collective Bargaining Agreement with the Union.

6.      At all times material herein, Defendant, through its execution of a Letter of Assent was bound by a certain Collective Bargaining Agreement (a/k/a Inside Agreement) between the Minneapolis Chapter, National Electrical Contractors Association, and the International Brotherhood of Electrical Workers, Local Union Number 292, A.F.L.-C.I.O.

9.      The Inside Agreement requires employers such as Defendant to make contributions to the Funds in accordance with their terms. These contributions must be made on behalf of all employees covered by the Inside Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

10.      Defendant, per the Inside Agreement, is required to compute its contribution obligation and pay it to the agent of the Trustees on or before the 15th day of the month following the month for which the contribution is being made.

11.     Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require.

12.     At the time the Complaint was filed, Defendant breached the terms of the Inside Agreement by failing to timely submit fringe benefit reports and fringe benefit contributions due and owing pursuant to the fringe fund reports for the period of August to October 2009.

13.     After the Complaint was filed, Defendant submitted reports for the months of August to October 2009 and Plaintiffs determined the amounts due for delinquent contributions to be $23,074.13.

14.     Pursuant to the Inside Agreement, payroll reports that are not postmarked on or before the 15th day of the following month are delinquent. Liquidated damages in the amount of 1% of the total amount received or $200.00, whichever is greater, are due for those payments received after the 20th day of the month and through the last working day of the month. Liquidated damages in the amount of 5% of the total amount received or $1,000.00, whichever is greater, are due for payments received after the last working day of the month.

15.     Liquidated damages of $1,000.00 are due and owing for the months of August to October 2009.

16.     The Inside Agreement also entitles the Plaintiffs to their reasonable attorney fees and costs in the pursuit of delinquent contributions. To date, Plaintiffs have incurred attorneys' fees and costs in matter totaling $1,796.63.

## **CONCLUSIONS**

1.     Defendant is in default and Plaintiffs are entitled to Entry of Judgment.

2.     Defendant owes Plaintiffs $23,074.13 for delinquent contributions for the period

of August 2009 through October 2009.

      3.     Defendant owes Plaintiffs $3,000.00 for liquidated damages for the months of

August 2009 through October 2009.

      4.     Defendant owes Plaintiffs $1,796.63 for attorney's fees and costs.

**IT IS HEREBY RECOMMENDED:**

      1.     That Plaintiffs' Motion for Entry of Judgment should be granted.

      2.     That judgment, in the amount of $27,870.76 should be entered against Defendant

and in favor of Plaintiffs.

Dated: __February 4, 2010_____        BY THE COURT:

                             ___*s/ Franklin L. Noel*_____
                             The Honorable Franklin L. Noel
                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 18, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 8, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.